# The Farmer Law Firm, LLC

SENT VIA U.S. MAIL SERVICE

June 4, 2018

Quality Exteriors Group, LLC
Donnie Hawkins
10110 Watsonville Rd
Louisville, KY 40272

Re: **BMW of North Charleston, LLC and Riverland, LLC v Quality Exteriors Group, LLC; Donnie Hawkins; and Drucker & Falk, LLC**

Dear Donnie,

   Please find enclosed the Summons and Complaint to the above referenced case.

Should you need any further assistance regarding this matter, please do not hesitate to contact me.

                                Sincerely,

                                *[signature]*

                                E. Merritt Farmer, Jr., Esq.
                                The Farmer Law Firm
                                361 N. Shelmore Blvd.
                                Mt. Pleasant, SC 29464
                                (843) 385-3626

cc:

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF <u>CHARLESTON</u> ) | FOR THE NINTH JUDICIAL DISTRICT |
| ) | |
| <u>BMW OF NORTH CHARLESTON, LLC</u> and ) | CIVIL ACTION COVERSHEET |
| <u>RIERLAND, LLC,</u> ) | |
| Plaintiff(s) ) | 2017-CP - <u>10</u> - <u>4606</u> |
| ) | |
| vs. ) | |
| ) | |
| <u>QUALITY EXTERIORS GROUP, LLC; DONNIE</u> ) | |
| <u>HAWKINS; and DRUCKER & FAULK, LLC,</u> ) | |
| Defendant(s) ) | |

Submitted By: <u>E. Merritt Farmer, Jr., Esq.</u>    SC Bar #: 101620
Address: <u>361 N. Shelmore Blvd., Mt. Pleasant, SC 29464</u>    Telephone #: 843.385.3626
Fax #: 843.306.0850
Other:
E-mail: mfarmer@johnstonfarmer.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

**DOCKETING INFORMATION** (*Check all that apply*)
**If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint.  ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

**NATURE OF ACTION** (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☒ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (799) _____ | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:** _/s/ E. M. Farmer Jr./_    **Date:** September 7, 2017

SCCA / 234 (03/2016)    Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**   **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO. 2017-CP-10-4606 |
| ) | |
| BMW OF NORTH CHARLESTON, ) | |
| LLC; and RIVERLAND, LLC ) | |
| ) | |
|   Plaintiff, ) | |
| ) | SUMMONS |
| vs. ) | |
| ) | |
| QUALITY EXTERIORS GROUP, LLC; ) | |
| DONNIE HAWKINS; and DRUCKER ) | |
| & FAULK, LLC ) | |
| ) | |
|   Defendant(s). ) | |

TO:    ABOVE-NAMED DEFENDANTS

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, or to otherwise appear and defend, and to serve a copy of your Answer to said Complaint upon the subscribers at their office, 361 N. Shelmore Blvd., Mt. Pleasant, SC 29464, or to otherwise appear and defend the action pursuant to applicable court rules, within thirty (30) days after service hereof, exclusive of the day of such service; except that the United States of America, if named, shall have sixty (60) days to answer after the service hereof, exclusive of such service; and if you fail to answer the Complaint or otherwise appear and defend within the time aforesaid, Plaintiff in this action will apply to the Court for relief demanded therein, and judgment by default will be rendered against you for the relief demanded in the Complaint.

                                                   _____
                                                   E. Merritt Farmer, Jr.
                                                   Johnston & Farmer, LLC
                                                   SC Bar No.: 101620
                                                   361 N. Shelmore Blvd.
                                                   Mt. Pleasant, SC 29464
                                                   Mobile - 843.385.3626
                                                   Fax – 843.306.0850

                                                   AND

                                                   James D. Floyd
                                                   Floyd Law, P.A.
                                                   SC Bar No.: 101035
                                                   P.O. Box 5364

September 7, 2017                   Columbia, SC 29250
Mt. Pleasant, SC                    803.665.1996

                                                   ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | CASE NO. 2017-CP-10-4606 |
| ) | |
| BMW OF NORTH CHARLESTON, ) | |
| LLC; and RIVERLAND, LLC ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | Negligence, Breach of Warranties, |
| ) | Negligent Misrepresentation, Unfair |
| vs. ) | Trade Practices, Negligent Construction |
| ) | and Supervision, Breach of Contract |
| ) | |
| QUALITY EXTERIORS GROUP, LLC; ) | **JURY TRIAL DEMANDED** |
| DONNIE HAWKINS; and DRUCKER ) | |
| & FAULK, LLC ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

**TO:   ABOVE-NAMED DEFENDANTS**

COMES NOW above-named plaintiffs, BMW of North Charleston, LLC ("BMW") and Riverland, LLC ("Riverland") (collectively "Plaintiffs") complaining of the Defendants Quality Exteriors Group, LLC ("Contractor"), Donnie Hawkins ("Hawkins") and Drucker & Faulk, LLC ("Property Manager") (collectively "Defendants"), would respectfully allege and show unto this Honorable Court as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff BMW of North Charleston, LLC is a South Carolina Limited Liability Company existing and conducting business in the County of Charleston County, State of South Carolina and owns that certain property commonly known as 2510 Atlantic Palms Lane, Charleston, SC 29406 ("Atlantic Palms" or "Properties").

2. Plaintiff Riverland Woods, LLC is a South Carolina Limited Liability Company existing and conducting business in the County of Charleston County, State of South Carolina and owns

that certain property commonly known as 1001 Riverland Woods Place, Charleston, SC 29412 ("Riverland Woods" or "Properties").

3. Upon information and belief, Defendant Quality Exteriors Group, LLC is a Kentucky Limited Liability Company. At all times relevant to this action, Contractor was engaged in business in the County of Charleston, State of South Carolina.

4. Upon information and belief, Defendant Donnie Hawkins is a citizen and resident of the State of Kentucky. At all times relevant to this action, Hawkins was engaged in business in the County of Charleston, State of South Carolina.

5. Upon information and belief, Defendant Drucker & Faulk, LLC is a Virginia Limited Liability Company. At all times relevant to this action, Property Manager was engaged in business in the County of Charleston, State of South Carolina.

6. This Court has jurisdiction over the subject matter and parties to this action.

### STATEMENT OF THE FACTS

7. Upon information and belief, Atlantic Palms is an apartment complex consisting of thirteen (13) buildings and amenities.

8. BMW is the record owner of Atlantic Palms and has been at all time relevant hereto.

9. BMW embarked on a renovation project including the repair, removal and replacement of certain portions of the roofing system for Atlantic Palms in an attempt to correct existing defects and to generally improve the habitability and fitness of the buildings.

10. Upon information and belief, Contractor submitted a construction bid to BMW for the Atlantic Palms renovation project which BMW accepted. Such agreement was formalized in two (2) subsequent written Agreements executed on or about July 9, 2013 and October 10, 2014 for which Contractor began work on or about July 23, 2013 and October 21, 2014 respectively.

11. BMW paid to Contractor all sums due and owing under both Agreements related to the Atlantic Palms renovation project.

12. Upon information and belief, Riverland Woods is an apartment complex consisting of twelve (12) buildings and amenities.

13. Riverland is the record owner of Riverland Woods and has been at all time relevant hereto.

14. Riverland embarked on a renovation project including the repair, removal and replacement of certain portions of the roofing system for Riverland Woods in an attempt to correct existing defects and to generally improve the habitability and fitness of the buildings.

15. Upon information and belief, Contractor submitted a construction bid to Riverland for the Riverland Woods renovation project which Riverland accepted. Such agreement was formalized in a written Agreement executed on or about November 29, 2012 for which Contractor began work on or about December 3, 2012.

16. Riverland paid to Contractor all sums due and owing under the Agreement related to the Riverland Woods renovation project.

17. Upon information and belief, Contractor installed TAMKO brand "25-year, 3-tab shingles" for both the the Atlantic Palms and Riverland Woods renovation projects using a certain "racking method" of installation explicitly prohibited by TAMKO.

18. Upon information and belief, certain portions of the roofing systems have failed allowing water intrusion into multiple buildings.

19. Upon information and belief, TAMKO denied any and all warranty claims related to the failure of its 25-year, 3-tab shingles because the racking method of installation used by Contractor voided said warranty.

20. Upon information and belief, Hawkins is the owner, manager, and superintendent for Contractor and is responsible for the hiring and supervision of its employees and subcontractors.

21. Upon information and belief, Hawkins is charged with making decisions related to the construction/installation methods implemented by Contractor, its employees and subcontractors including by not limited to the construction/installation methods contractor, its employees and subcontractors, implemented for the Atlantic Palms and Riverland Woods renovation projects.

22. Upon information and belief, Hawkins as the qualifier for Contractor with South Carolina Department of Labor, Licensing and Regulation, owned the general contracting license and has a duty to supervise the project and to ensure compliance with the applicable building code.

23. Despite representations made by Contractor and Hawkins that the construction/installation methods implemented were consistent all applicable building codes and manufacturer's installation requirements, various defects or deficiencies now known and other defects or deficiencies that may be identified through the course of this litigation exist, and the TAMKO manufacturer's warranty is now void.

24. Contractor and Hawkins failed to disclose the construction/installation methods implemented would void the TAMKO manufacturer's warranty and the existence of such defects and deficiencies which have caused property and consequential damage to the Properties, that property and consequential damage occurred and, upon information and belief, will continue into the future until the necessary repairs and/or replacement are complete.

25. At all times relevant hereto, Plaintiffs entered into their respective property management agreements with Property Manager wherein Property Manager agreed to supervise the work by

Contractor and Hawkins and Plaintiffs agreed to pay to Property Manager "Supervision Construction Fee[s] for Roof Replacement".

26. Upon information and belief, Plaintiffs payed all sums due and owing to Property Manager related to its supervision of construction for roof replacement.

### FOR A FIRST CAUSE OF ACTION
### (Negligence)

27. The Plaintiffs hereby repeat, reallege, and incorporate by reference the preceding paragraphs as if they were set forth below verbatim.

28. Defendants, in renovating, repairing, removing, replacing, and/or installing the roofing systems for the Properties and/or the supervision thereof, owed Plaintiffs a duty to exercise due care in renovating, repairing, removing, replacing, and/or installing the roofing systems for the Properties and/or the supervision thereof in accordance with the building codes in effect at the time, and in ensuring that the project was completed in accordance with all applicable building codes; TAMKO manufacturer approved construction/installing methods; and in a careful, diligent, and workmanlike manner.

29. Defendants breached this duty as shown by the particulars previously described.

30. This breach was negligent, grossly negligent, willful, wanton, and without regard to the Plaintiffs' interests.

31. As a direct, foreseeable and proximate result of the Defendants' negligent and grossly negligent conduct in, renovating, repairing, removing, replacing, and/or installing the roofing systems for the Properties and/or the supervision thereof, Plaintiffs have suffered significant physical damage to elements of the Properties, as well as diminution the value of the Properties, and may suffer future loss of use when future repairs are made.

### FOR A SECOND CAUSE OF ACTION

### (Breach of Implied Warranty of Workmanlike Service)

32. The Plaintiffs hereby repeat, reallege, and incorporate by reference the preceding paragraphs as if they were set forth below verbatim.

33. By operation of law, Contractor and Hawkins impliedly warranted that their work in renovating, repairing, removing, replacing, and/or installing the roofing systems for the Properties was of proper workmanship and reasonably fit for its intended use and would be performed in a careful, diligent, and workmanlike manner.

34. Defendants breached the Implied Warranty of Workmanlike Service as shown by the particulars previously described.

35. As a direct, foreseeable and proximate result of Contractor's and Hawkins' breach of the Implied Warranty of Workmanlike Service, Plaintiffs have suffered significant physical damage to the Properties, as well as diminution in the value of the Properties, and may suffer future loss of use when future repairs are made.

### FOR A THIRD CAUSE OF ACTION
### (Breach of Implied Warranty of Habitability and Fitness)

36. The Plaintiffs hereby repeat, reallege, and incorporate by reference the preceding paragraphs as if they were set forth below verbatim.

37. Contractor and Hawkins, in renovating, repairing, removing, replacing, and/or installing the roofing systems for the Properties, impliedly warranted that the buildings were habitable and fit for their intended use.

38. Defendants breached the Implied Warranty of Habitability and Fitness as shown by the particulars previously described.

39. As a direct, foreseeable and proximate result of Contractor's and Hawkins' breach of the Implied Warranty of Habitability and Fitness, Plaintiffs have suffered significant physical

damage the Properties, as well as diminution in the value of the Properties, and may suffer future loss of use when future repairs are made.

### FOR A FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)

40. The Plaintiffs hereby repeat, reallege, and incorporate by reference the preceding paragraphs as if they were set forth here below verbatim.

41. In renovating, repairing, removing, replacing, and/or installing the roofing systems for the Properties, Contractor and Hawkins represented that the construction/installation methods they intended to implement were in accordance with all applicable building codes and the TAMKO manufacturer's requirements, and yet Contractor and Hawkins were aware such construction/installation methods were not in accordance with all applicable building codes and the TAMKO manufacturer's requirements as set forth above and failed to disclose same to Plaintiffs knowing the Plaintiffs were ignorant of the truth.

42. Contractor and Hawkins failed to disclose the above described deficiencies although they were duty-bound to do so. Contractor and Hawkins failed to disclose the construction/installation methods implemented would violate certain building codes and void the TAMKO manufacturer's warranty to the Plaintiffs when they knew or should have known that the construction/installation methods implemented would violate certain building codes and void the TAMKO manufacturer's warranty.

43. Contractor and Hawkins had a pecuniary interest in making these misrepresentations and/or omissions of material facts to Plaintiffs.

44. Contractor and Hawkins knew, or should have known, the construction/installation methods implemented would violate certain building codes and void the TAMKO manufacturer's warranty and failed to disclose the truth to the Plaintiffs.

45. Contractor and Hawkins owed a duty to Plaintiffs to ensure that truthful and complete information was communicated to Plaintiffs because Contractor and Hawkins knew, or should have known, that individuals would rely on these representations in selecting a construction company to renovate, repair, remove, replace, and/or install the roofing systems for the Properties.

46. Contractor and Hawkins breached this duty by failing to exercise due care when making these representations and/or omitting these material facts.

47. Plaintiffs reasonably and justifiably relied to their detriment upon the representations and/or silence of Contractor and Hawkins.

48. As a direct, foreseeable, and proximate result of the negligent misrepresentations or non-disclosures by Contractor and Hawkins, Plaintiffs have suffered significant physical damage to the elements of the buildings, as well as diminution in the value of the Properties, and may suffer future loss of use when future repairs are made.

49. Contractor's and Hawkins' breach of their duty to exercise due care in making these representations or non-disclosures was reckless, entitling Plaintiffs to recover punitive damages.

**FOR A FIFTH CAUSE OF ACTION**
**(Unfair Trade Practices)**

50. The Plaintiffs hereby repeat, reallege, and incorporate by reference the preceding paragraphs as if they were set forth below verbatim.

51. The Plaintiffs, Contractor, and Hawkins are "persons" within the meaning set forth in the South Carolina Unfair Trade Practices Act, § 39-5-10 South Carolina Code of Laws, 1976 as amended.

52. In marketing and selling their construction products and services, Contractor and Hawkins failed to disclose their construction/installation methods were not in accordance with certain building codes and the TAMKO manufacturer's requirements and specifications.

53. Due to these misrepresentations and/or non-disclosures by Contractor and Hawkins, Plaintiffs selected Contractor and Hawkins over competing construction companies.

54. The marketing and selling of construction products and services by Contractor and Hawkins constitute unfair and/or deceptive trade practices, because these actions were immoral, unethical, oppressive, and/or had a tendency to deceive.

55. These unfair/deceptive trade practices adversely affected the public interest, because they had the potential for repetition and, upon information and belief, were repeated.

56. These actions and/or omissions of Contractor and Hawkins constitute unfair and/or deceptive trade practices in violation of the South Carolina Unfair Trade Practices Act, §§ 39-5-10, et seq. South Carolina Code of Laws, 1976 as amended.

57. As a result of Contractor's and Hawkins' breach of the South Carolina Unfair Trade Practices Act, the Plaintiffs are entitled to actual damages, trebled damages, as well as attorneys' fees and costs.

**FOR A SIXTH CAUSE OF ACTION**
**(Negligent Construction and Supervision)**

58. The Plaintiffs hereby repeat, reallege, and incorporate by reference the preceding paragraphs as if they were set forth below verbatim.

59. Upon information and belief, Contractor and Hawkins performed some or all of the work outlined herein through the use of subcontractors, and they had a duty to supervise all subcontractors who were working under them.

60. Contractor and Hawkins owed Plaintiffs a duty to exercise due care in renovating, repairing, removing, replacing, and/or installing the roofing systems for the Properties and/or the supervision thereof and to make these repairs/renovations in accordance with all applicable building codes, TAMKO manufacturer approved construction/installing methods and specifications, and in a careful, diligent, and workmanlike manner so as to prevent water intrusion and other property damage to the structures.

61. Contractor and Hawkins breached this duty as shown by the particulars previously described.

62. As a direct, foreseeable and proximate result of the negligent and grossly negligent conduct of Contractor and Hawkins in performing these repairs/renovations, Plaintiffs have suffered significant physical damage to the elements of the buildings, as well as diminution in the value of the Properties, and may suffer future loss of use when future repairs are made. Further, the Plaintiffs will suffer extensive and extraordinary reconstruction costs in attempting repairs of the water intrusion and other damage.

63. Contractor's and Hawkins' breach of their duty to the Plaintiffs includes various code violations and deviations from industry standards, all of which constitute recklessness, thus entitling Plaintiffs to an award of punitive damages.

### FOR AN SEVENTH CAUSE OF ACTION
### (Breach of Contract)

64. The Plaintiffs hereby repeat, reallege, and incorporate by reference the preceding paragraphs as if they were set forth below verbatim.

65. As stated above, the Plaintiffs entered into binding contracts related to Property Manager's obligation to supervise the renovation, repair, removal, replacement, and/or

installation of the roofing systems. The contracts were based upon the words, writings and/or conduct of the Plaintiffs and Property Manager as stated above.

66.  Despite Proper Manager's obligation to supervise the renovation, repair, removal, replacement, and/or installation of the roofing systems, Property Manager failed to ensure or otherwise confirm Contractor and Hawkins made said repairs/renovations in accordance with all applicable building codes, and the TAMKO manufacturer approved construction/installing methods. And this constitutes an unjustifiable failure to perform and/or breach by Property Manager of the contracts to properly supervise said renovation, repair, removal, replacement, and/or installation of the roofing systems for the Properties.

67.  As a direct and proximate result of Property Manager's failure to perform and/or breach, the Plaintiffs have suffered significant physical damage to the elements of the buildings, as well as diminution in the value of the Properties, and may suffer future loss of use when future repairs are made. Further, the Plaintiffs will suffer extensive and extraordinary reconstruction costs in attempting repairs of the water intrusion and other damage.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.  On their First Cause of Action, Plaintiffs demand judgment in their favor against all Defendants jointly and severally in an amount to be determined by the jury, together with consequential damages, loss of use, punitive damages, costs of this action, attorneys' fees and such other and further relief that this Honorable Court deems just and proper.

B.  On their Second, Third, Fourth, and Sixth Causes of Action, Plaintiffs demand judgment in their favor against Defendants Quality Exteriors Group, LLC and Donnie Hawkins jointly and severally in such amounts to be determined by the jury, together with consequential

damages, loss of use, punitive damages, costs of this action, attorneys' fees and such other and further relief that this Honorable Court deems just and proper.

    C.    On their Fifth Cause of Action, Plaintiffs demand judgment in their favor against Defendants Quality Exteriors Group, LLC and Donnie Hawkins jointly and severally in an amount to be determined by the jury, together with consequential damages, loss of use, punitive damages, treble damages, costs of this action, attorneys' fees and such other and further relief that this Honorable Court deems just and proper.

    D.    On their Seventh Cause of Action, Plaintiffs demand judgment in their favor against Defendant Drucker & Faulk, LLC in an amount to be determined by the jury, together with consequential damages, loss of use, costs of this action, attorneys' fees and such other and further relief that this Honorable Court deems just and proper.

*[signature]*

E. Merritt Farmer, Jr.
Johnston & Farmer, LLC
SC Bar No.: 101620
361 N. Shelmore Blvd.
Mt. Pleasant, SC 29464
Mobile - 843.385.3626
Fax – 843.306.0850

AND

James D. Floyd
Floyd Law, P.A.
SC Bar No.: 101035
P.O. Box 5364
Columbia, SC 29250
803.665.1996

September 7, 2017
Mt. Pleasant, SC

ATTORNEYS FOR PLAINTIFFS