# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| BMW of North Charleston, LLC, and Riverland, LLC, <br><br>    Plaintiffs,<br><br>vs.<br><br>Quality Exteriors Group, LLC; Donnie Hawkins; and Drucker & Faulk, LLC,<br><br>    Defendants. | Civil Action No. 2:18-cv-01872-RMG<br><br>**ANSWER OF DEFENDANTS, QUALITY EXTERIORS GROUP, LLC, AND DONNIE HAWKINS**<br>(Jury Trial Demanded) |

The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, by and through their undersigned counsel, answers Plaintiffs' Complaint ("Complaint") as follows:

## PARTIES AND JURISDICTION

1. Each and every allegation contained in the Complaint which is not specifically admitted or otherwise qualified is denied and strict proof is demanded.

2. Responding to Paragraphs 1 and 2, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, admit the allegations contained therein upon information and belief.

3. Responding to Paragraphs 3 and 4, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would only admit that Quality Exteriors Group, LLC is a limited liability company organized and existing under the laws of the State of Kentucky and that its president, Donnie Hawkins, is a citizen and resident of the State of Kentucky. Further responding, the defendants would admit that they contracted to perform various work at the Plaintiffs' properties on the dates in question.

4.     Responding to Paragraphs 5 and 6 of the Complaint, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, admit the allegations contained therein upon information and belief.

## STATEMENT OF THE FACTS

5.     Responding to Paragraphs 7, 8, and 9, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, are without sufficient information or knowledge to form a belief as to the truth of the matters therein, and therefore demand strict proof thereof.

6.     Responding to Paragraph 10, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would admit that it entered into a contract with Plaintiff BMW but would refer to the entire contract as if set forth verbatim herein.

7.     Responding to Paragraph 11, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, admit the allegations contained therein.

8.     Responding to Paragraphs 12, 13, and 14, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, are without sufficient information or knowledge to form a belief as to the truth of the matters therein, and therefore demand strict proof thereof.

9.     Responding to Paragraph 15, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would admit that it entered into a contract with Plaintiff Riverland but would refer to the entire contract as if set forth verbatim herein.

10.     Responding to Paragraph 16, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, admit the allegations contained therein.

11.     Responding to Paragraph 17, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would only admit that the installed the shingles using a racking application

method, but defendants deny that the method was explicitly prohibited by the shingle manufacturer.

12. Responding to Paragraph 18, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, are without sufficient information and knowledge to form a belief as to the truth of the allegations of Paragraph 18, and therefore deny same and demand strict proof thereof.

13. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraph 19 and demand strict proof thereof.

14. Responding to Paragraphs 20, 21, and 22, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would only admit that the defendant Hawkins is the president of Quality Exteriors Group and therefore holds various supervisory and decision-making authority on behalf of the company. Any allegations inconsistent with this response are hereby denied.

15. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 23 and 24 and demand strict proof thereof.

16. Responding to Paragraphs 25 and 26, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, are without sufficient information and knowledge to form a belief as to the truth of the allegations contained therein and therefore demand strict proof thereof.

**FOR A FIRST DEFENSE**
**TO A FIRST CAUSE OF ACTION**
(Negligence)

17. No response to Paragraph 27 is required, but to the extent one is required, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, incorporate all allegations and defenses set forth herein to the extent not inconsistent herewith.

18. Responding to Paragraph 28, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would admit that they owed various duties pursuant to the contractual

agreements entered by the parties and would refer to those agreements as if set forth verbatim herein. Any allegations inconsistent with this response are hereby denied.

19.     The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 29, 30, and 31 and demand strict proof thereof.

### FOR A FIRST DEFENSE
### TO A SECOND CAUSE OF ACTION
(Breach of Implied Warranty of Workmanlike Service)

20.     No response to Paragraph 32 is required, but to the extent one is required the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, incorporate all allegations and defenses set forth herein to the extent not inconsistent herewith.

21.     Responding to Paragraph 33, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would assert that no response is required given the allegations call for a legal conclusion. To the extent a response is required, the defendants would admit that their warranty obligations, if any, would arise pursuant to the contractual agreements entered by the parties and would refer to those agreements as if set forth verbatim herein. Any allegations inconsistent with this response are hereby denied.

22.     The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 34 and 35 and demand strict proof thereof.

### FOR A FIRST DEFENSE
### TO A THIRD CAUSE OF ACTION
(Breach of Implied Warranty of Habitability and Fitness)

23.     No response to Paragraph 36 is required, but to the extent one is required the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, incorporate all allegations and defenses set forth herein to the extent not inconsistent herewith.

24. Responding to Paragraph 37, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would assert that no response is required given the allegations call for a legal conclusion. To the extent a response is required, the defendants would admit that their warranty obligations, if any, would arise pursuant to the contractual agreements entered by the parties and would refer to those agreements as if set forth verbatim herein. Any allegations inconsistent with this response are hereby denied.

25. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 38 and 39 and demand strict proof thereof.

**FOR A FIRST DEFENSE**
**TO A FOURTH CAUSE OF ACTION**
(Negligent Misrepresentation)

26. No response to Paragraph 40 is required, but to the extent one is required the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, incorporate all allegations and defenses set forth herein to the extent not inconsistent herewith.

27. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 41-44 and demand strict proof thereof.

28. Responding to Paragraph 45, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would admit that they owed various duties pursuant to the contractual agreements entered by the parties and would refer to those agreements as if set forth verbatim herein. Any allegations inconsistent with this response are hereby denied.

29. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 46-49 and demand strict proof thereof.

**FOR A FIRST DEFENSE**
**TO A FIFTH CAUSE OF ACTION**
(Unfair Trade Practices)

30. No response to Paragraph 50 is required, but to the extent one is required the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, incorporate all allegations and defenses set forth herein to the extent not inconsistent herewith.

31. Responding to Paragraph 51, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would assert that no response is required given the allegations call for a legal conclusion. To the extent a response is required, the defendants deny the allegations contained therein and demand strict proof thereof.

32. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 52-57 and demand strict proof thereof.

**FOR A FIRST DEFENSE**
**TO A SIXTH CAUSE OF ACTION**
(Negligent Construction and Supervision)

33. No response to Paragraph 58 is required, but to the extent one is required the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, incorporate all allegations and defenses set forth herein to the extent not inconsistent herewith.

34. Responding to Paragraph 59, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would admit the allegations contained therein.

35. Responding to Paragraph 60, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, would admit that they owed various duties pursuant to the contractual agreements entered by the parties and would refer to those agreements as if set forth verbatim herein. Any allegations inconsistent with this response are hereby denied.

36. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraphs 61, 62, and 63 and demand strict proof thereof.

**FOR A FIRST DEFENSE**
**TO A SEVENTH CAUSE OF ACTION**

(Breach of Contract)

37. No response to Paragraph 64 is required, but to the extent one is required the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, incorporate all allegations and defenses set forth herein to the extent not inconsistent herewith.

38. Responding to Paragraph 65, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, are without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein and therefore demand strict proof thereof.

39. Responding to Paragraph 66, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, are without knowledge and information sufficient to form a belief as to the truth of the allegations contained therein regarding the property manager's obligations to the Plaintiffs and demand strict proof thereof. Further responding, the defendants deny that their work violated applicable building codes or approved installation methods and demand strict proof thereof.

40. The defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, deny the allegations contained in Paragraph 67 and demand strict proof thereof.

41. Except as specifically admitted herein, each allegation in Plaintiffs' entire Complaint is hereby expressly denied.

**FOR A SECOND DEFENSE**
**(Rule 12(b)(6), FRCP)**

42. Plaintiffs' claims, in whole or in part, fail to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**FOR A THIRD DEFENSE**
**(Lack of Proximate Cause)**

7

43. Plaintiffs' damages, if any, are the direct and proximate result of intervening and superseding acts and/or omissions of third parties not affiliated with defendants and not under defendants' control.

## FOR A FOURTH DEFENSE
### (Statute of Limitations)

44. Upon information and belief, the issues complained of by the Plaintiffs were a result of construction work completed between the years of 2012-2015 and would have or should have become known to Plaintiffs from the time the work was completed. These issues were of such a nature that a person of ordinary care and prudence would have known or should have known that a cause of action existed at the time of purchase. Accordingly, Plaintiffs claims against defendants are barred by the applicable statute of limitations.

## FOR A FIFTH DEFENSE
### (Express Limited Warranty)

45. The defendants issue an express limited warranty covering the installation for the roofing work completed pursuant to its contract with Plaintiffs. Upon information and belief, Plaintiffs have failed to properly avail themselves of this limited warranty and have further failed to satisfy all conditions precedent to defendants' liability on its limited warranty. Accordingly, Plaintiffs are barred from recovering under the warranty.

## FOR A SIXTH DEFENSE
### (Waiver and Estoppel)

46. To the extent Plaintiffs discovered or should have discovered defects, if any, prior to final payment, or prior to the expiration of the warranty period, and accepted same with such knowledge, Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

## FOR A SEVENTH DEFENSE
### (Comparative Negligence/Apportionment)

47. To the extent Plaintiffs were negligent in the maintenance, repair and/or upkeep of the roof and such negligence exceeds any negligence on the part of the defendants (which is denied), Plaintiffs are barred from recovering under the doctrine of comparative negligence.

48. Alternatively, should Plaintiffs be found entitled to damages against defendants in negligence, defendants plead S.C. Code Ann. § 15-38-15 as providing an apportionment of fault among all parties.

### FOR AN EIGHTH DEFENSE
**(Failure to Mitigate Damages)**

49. Upon information and belief, Plaintiffs were in a position to effect repairs and undertake remedial measures to either substantially reduce or eliminate any alleged damage caused by defendants (which is denied). Accordingly, Plaintiffs are barred from recovering against defendants by such failure to mitigate. Alternatively, any recovery to which Plaintiffs may be entitled against defendants (which is denied), should be reduced in such amount as the evidence will support.

### FOR A NINTH DEFENSE
**(No Notice)**

50. Plaintiffs failed to give any reasonable and meaningful notice to defendants as to the existence of the alleged breach and failed to give defendants a reasonable opportunity to investigate and if necessary, correct such alleged defects (the existence of which is denied), and such failure to give notice constitutes a complete defense to the claims of Plaintiffs.

### FOR A TENTH DEFENSE
**(Economic Loss Doctrine)**

51. Plaintiffs' claims are barred by the Economic Loss Doctrine.

### FOR AN ELEVENTH DEFENSE
**(Acceptance)**

52. Plaintiffs accepted the product/work, after inspecting it, and are now barred from asserting claims based on that product/work.

## FOR A TWELFTH DEFENSE
### (Unconstitutionality of Punitive Damages Claim)

53. Plaintiffs' claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the Unites States in the following particulars:

   a. The Plaintiffs' claim for punitive damages violates the Fifth Amendment for the following reasons:

      i. The double-jeopardy clause is violated because multiple awards of punitive damages can be imposed upon defendants for the same act or omission; and

      ii. The self-incrimination clause is violated because defendants can be compelled to give testimony against itself;

   b. Plaintiffs' claim for punitive damages violates the Sixth and Fourteenth Amendments because such damages may be imposed according to the lesser standard of proof applicable in civil cases, whereas punitive damages are a fine or penalty and are quasi-criminal in nature and, as such, require the "beyond the reasonable doubt" standard as proof;

   c. Plaintiffs' claim for punitive damages violates defendants' right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills defendants' exercise of that right;

   d. Plaintiffs' claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

      i. The standard or test for determining the requisite mental state of defendants for imposition of punitive damages is void for vagueness;

ii. Insofar as punitive damages are not measured against actual injury to the Plaintiffs and are left up to the discretion of the jury, there is no objective standard that limits the amount of such damages that may be awarded, and the amount of punitive damages that may be awarded is indeterminate at the time of defendants' alleged egregious conduct;

iii. In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant;

iv. The tests or standards for the imposition of punitive damages differ from state to state, such that a specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may result in differing amounts of punitive damages, depending upon the state in which the suit is filed, such that defendants are denied equal protection of law; and

v. Punitive damages may be imposed without a requisite showing of hatred, spite, ill will or wrongful motive.

### FOR A THIRTEENTH DEFENSE
### (Punitive and Multiple Damages Not Allowed)

54. The various claims set forth in the Complaint may seek both punitive and multiple damages on different theories for the same loss, and Plaintiffs are not entitled to recover both punitive damages and multiple damages for the same loss, as such constitutes double recovery.

### FOR AN FOURTEENTH DEFENSE
### (Reservation and Non-Waiver)

55. The defendants have not had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the circumstances of Plaintiffs' allegations. Through

discovery, the defendants intend to become informed of the pertinent facts and circumstances surrounding any reported damage to Plaintiffs and give notice of their intent to assert any further affirmative defenses that their information-gathering process may indicate are supported by fact and/or law.

WHEREFORE, having responded to the Complaint, the defendant, Quality Exteriors Group, LLC, and Donnie Hawkins, pray that all claims asserted by the Plaintiffs against them be dismissed with prejudice, that Plaintiffs be held responsible for the costs of this action, and for such other and further relief as the court deems just and proper.

*(Signature page to follow.)*

        Respectfully submitted,

        ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

    By:  <u>S / J. Michael Montgomery</u>
        J. Michael Montgomery
        Fed. I.D. No. 10290
        mmontgomery@robinsongray.com
        Paul H. Hoefer
        Fed. I.D. No. 10437
        phoefer@robinsongray.com
        Vordman Carlisle Traywick, III
        Fed. I.D. No. 12483
        ltraywick@robinsongray.com
        1310 Gadsden Street
        Post Office Box 11449
        Columbia, South Carolina 29211
        (803) 929-1400

Attorneys for Defendants, Quality Exteriors Group, LLC, and Donnie Hawkins

Columbia, South Carolina

July 9, 2018

13