IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| BMW of North Charleston, LLC, and Riverland, LLC, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Quality Exteriors Group, LLC; )<br>Donnie Hawkins; and Drucker & )<br>Faulk, LLC, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2:18-cv-1872-RMG<br><br>**ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES BY DEFENDANTS, QUALITY EXTERIORS GROUP, LLC, AND DONNIE HAWKINS** |

Pursuant to Local Rule 26.03, the defendants, Quality Exteriors Group, LLC, and Donnie Hawkins, by and through their undersigned counsel, respond to the Local Rule 26.03 Interrogatories as follows:

1. A short statement of the facts of the case.

    **RESPONSE:**

    This case arises out of roofing repairs undertaken at apartment complexes owned by the plaintiffs in Charleston County. Plaintiffs contracted with Quality Exteriors Group to remove and replace portions of the roofing system at the plaintiffs' properties, and plaintiffs allege various deficiencies with the work completed by defendants. The defendants deny the plaintiffs' allegations.

2. The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

    **RESPONSE:**

a.     Donnie Hawkins

       Mr. Hawkins is the president of Quality Exteriors Group and a named defendant in this matter, and he is expected to testify regarding the circumstances surrounding the roofing project.

b.     Jerry Borders

       Mr. Borders was the project manager for Quality Exteriors Group and is expected to testify regarding the roofing project.

c.     Oscar Martinez

       Mr. Martinez was a subcontractor on the roofing project who provided labor and is expected to testify as to his knowledge of the underlying incident.

d.     Representatives of the plaintiffs and co-defendants involved in the roofing project would also be expected to testify regarding the underlying incident.

e.     Any individuals who have conducted repairs or evaluations of the roofs at issue would be expected to testify in accordance with their scope of work.

f.     Any experts identified by the parties in accordance with this Court's Scheduling Order.

g.     The parties reserve the right to call any witness named by the parties in response to any of the discovery requests served, as well as any other person later discovered to have knowledge of these claims.

3.     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**RESPONSE:**

The defendants have not identified experts at this time, but they reserve their right to do so. If the defendants retain any expert witnesses, they will disclose their expert witnesses in accordance with this Court's Order by the designated deadline.

2

4.      A summary of the claims or defenses with statutory and/or case citations supporting the same.

**RESPONSE**:

Plaintiff has asserted the following causes of action against the defendants:

1.   Negligence

In order to recover damages under a negligence theory, a plaintiff must prove the following elements:

(1)   A duty of care owed by the defendant to the plaintiff. A legal duty is that which the law requires to be done or not done with respect to a particular individual or the public at large. An attenuated relationship may not create a duty between two parties. South Carolina State Ports Authority v. Booz-Allen and Hamilton, Inc., 289 S.C. 373, 346 S.E.2d 324 (S.C. 1986). There is no set formula for determining when a duty exists; "duty is seen in general terms as requiring a person or corporation to conform his or its conduct to a standard which is adequate to protect others from unreasonable risk of harm." Araujo v. Southern Bell Tel. & Tel. Co., 291 S.C. 54, 351 S.E.2d 908 (Ct. App. 1986).

(2)   A breach of that duty by negligent act or omission. This necessitates a showing that the defendant did not use the amount of care one ordinarily would have used under the circumstances. Wintersteen v. Food Lion, Inc., 344 S.C. 32, 542 S.E.2d 728 (2001).

(3)   Damages proximately resulting from that breach. Proximate cause requires proof of (1) causation in fact and (2) legal cause. Causation in fact is proved by establishing that the injury would not have happened "but for" the defendant's negligence. Legal cause is proven by establishing foreseeability. This does not mean that the defendant contemplated the specific event that occurred, but that the event was a natural and probable consequence of his negligence. Bramlette v. Charter-Medical-Columbia, 302 S.C. 68, 393 S.E.2d 914 (1990).

2.   Breach of Implied Warranty of Workmanlike Service

To establish a claim for breach of the implied warranty of workmanlike services, the plaintiff must show that the defendant failed to perform its work in a careful, diligent, and workmanlike manner. Magnolia N. Prop. Owners' Ass'n, Inc. v. Heritage Communities, Inc., 397 S.C. 348, 368-69, 725 S.E.2d 112, 123 (Ct. App. 2012).

3.   Breach of Implied Warranty of Habitability and Fitness

The implied warranty of habitability arises out of the sale of a home to an individual buyer. Rutledge v. Dodenhoff, 254 S.C. 407, 413, 174 S.E.2d 792, 794 (1970). The implied warranty of habitability only applies to sellers involved in a transaction involving new property. Arvai v. Shaw, 289 S.C. 161, 164, 345 S.E.2d 715, 717 (1986).

4.   Negligent Misrepresentation

To establish liability for negligent misrepresentation, the plaintiff must show (1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation. Sauner v. Pub. Serv. Auth. of S. Carolina, 354 S.C. 397, 407, 581 S.E.2d 161, 166 (2003).

     5.     Violation of the South Carolina Unfair Trade Practices Act

The provisions of the South Carolina Unfair Trade Practices Act can be found at S.C. Code Ann. § 39-5-10, *et seq*.

     6.     Breach of Contract

The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach. Fuller v. E. Fire & Cas. Ins. Co., 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962). The general rule is that for a breach of contract the defendant is liable for whatever damages follow as a natural consequence and a proximate result of such breach. Branche Builders, Inc. v. Coggins, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009).

In addition to disputing the factual basis for plaintiff's claims, the defendants have asserted the following defenses in response to the plaintiff's claims:

     a.     Failure to State Claim:  Rule 12(b)(6), FRCP.

     b.     Lack of Proximate Cause:  Evidence of an independent negligent act of a third party is directed to the question of proximate cause. Matthews v. Porter, 239 S.C. 620, 628, 124 S.E.2d 321, 325 (1962). Such an act can exculpate an allegedly negligent defendant, if the intervening cause breaks the sequence or causal connection between the defendant's negligence and the injury alleged. Id. The superseding act must so intervene as to exclude the alleged negligence of the defendant as one of the proximate causes of the injury. Id.

     c.     Express Limited Warranty:  S.C. Code Ann. § 36-2-719

     d.     Comparative Negligence: Plaintiffs are barred from recovery under the doctrine of comparative negligence if their negligence was more than 50% responsible for their injury.  In the alternative, recovery should be reduced by the percentage of plaintiffs' fault under comparative negligence principles.  If the plaintiffs were more than fifty percent (50%) negligent for their injuries, no recovery can be had against the defendant, regardless of any negligence on its part.

       Nelson v. Concrete Supply Co., 303 S.C. 243, 399 S.E.2d 783 (1991).

e. <u>Failure to Mitigate Damages</u>: An injured party is required to do that which an ordinary prudent person would do under similar circumstances to mitigate his damages. Parker v. Shecut, 340 S.C. 460, 531 S.E.2d 546 (Ct. App. 2000).

f. <u>Statute of Limitations</u>: Defendants assert that the Complaint was not filed within the applicable statute of limitations.

g. <u>Lack of Notice</u>: S.C. Code Ann. § 40-59-810, *et seq*.

h. <u>Economic Loss Doctrine</u>: The Economic Loss Doctrine precludes a negligence action seeking economic damages where duties are created solely by contract. Palmetto Linen Serv., Inc. v. U.N.X., Inc., 205 F.3d 126 (4th Cir. 2000).

i. <u>Equitable Defenses</u>: Plaintiffs' claims are barred by the doctrines of unclean hands, laches, and equitable estoppel.

j. <u>Acceptance</u>: Defendants assert that Plaintiffs' claims for breach of contract are barred because of their acceptance of the product/work upon inspection.

k. <u>Unconstitutionality of Punitive Damages</u>: Defendants have asserted that the award of punitive damages in this case would violate the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and similar provisions of the South Carolina Constitution.

The defendants reserve the right to assert any additional claims/defenses raised in their pleadings or in any subsequently filed pleading.

5. Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

    a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

    b) Completion of discovery.

**RESPONSE:**

The parties have requested a modification to the Scheduling Order to provide for expert disclosure by March 11, 2019 (plaintiff) and April 22, 2019 (defendants). The proposed discovery deadline is May 24, 2019.

6.     The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.

**RESPONSE:**

None known at this time.

7.     The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.

**RESPONSE:**

No other information has been requested.

Respectfully submitted,

ROBINSON GRAY STEPP & LAFFITTE, L.L.C.

By: <u>S / J. Michael Montgomery</u>
    J. Michael Montgomery
    Fed. I.D. No. 10290
    mmontgomery@robinsongray.com
    Paul H. Hoefer
    Fed. I.D. No. 10437
    phoefer@robinsongray.com
    Vordman Carlisle Traywick, III
    Fed. I.D. No. 12483
    ltraywick@robinsongray.com
    1310 Gadsden Street
    Post Office Box 11449
    Columbia, South Carolina 29211
    (803) 929-1400

Attorneys for Defendants, Quality Exteriors Group, LLC, and Donnie Hawkins

Columbia, South Carolina

September 18, 2018