**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| BMW of North Charleston, LLC and Riverland, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>Quality Exteriors Group, LLC; *et al.*<br><br>Defendants. | ) | Civil Action No. 2:18-1872-RMG<br><br>**ORDER** |

Before the Court are Plaintiffs' motion to amend the Complaint (Dkt. No. 35) and motion to remand this matter to the Charleston County Court of Common Pleas (Dkt. No. 36). For the reasons set forth below, the Court grants Plaintiffs' motion to amend and grants Plaintiffs' motion to remand.

## I. Background

Plaintiffs brought claims in the Charleston County Court of Common Pleas for negligence, breach of implied warranty of workmanlike service, breach of implied warranty of habitability and fitness, negligent misrepresentation, violation of the South Carolina Unfair Trade Practices Act, negligent construction and supervision, and breach of contract. (Dkt. No. 1.) Plaintiffs' claims arise from the renovation and repair of their apartment complexes' roofs and alleged resulting property damage. (Dkt. No. 1-1 ¶¶ 7-26.) The parties previously consented to extend the deadline to amend the pleadings to February 8, 2019 (Dkt. Nos. 33, 34), on which date Plaintiffs brought the instant motions.

## II. Legal Standard and Discussion

### A. Motion to Amend the Complaint

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The district court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). The "district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

Plaintiffs moves to amend to add John Doe Subcontractor 10 a/k/a Jose as a Defendant. Defendants Drucker & Falk LLC, Quality Exteriors Group, LLC ("QEG") and Donnie Hawkins consented to the motion to amend. (Dkt. No. 35-2, No. 38-1.) The Court finds no basis to support that the proposed amendment would prejudice Defendants, is brought in bad faith or would not survive a Rule 12 motion to dismiss to the Rule 8 pleading standard. Plaintiffs' motion to amend is granted.

### B. Motion to Remand

Defendants QEG and Hawkins removed this action from the Charleston County Court of Common Pleas on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. No. 1.) As the parties that invoked the Court's jurisdiction, Defendants bear the burden of establishing that the case was properly removed from state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Plaintiffs now move to remand on the basis that amending to add John Doe Subcontractor 10 a/k/a Jose as a Defendant, who is alleged to be a citizen of South

Carolina (Dkt. No. 35-1 ¶ 10), destroys complete diversity and there is no basis for federal question jurisdiction. Defendants filed no response in opposition to Plaintiffs' motion. The motion to remand is granted.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to amend the Complaint (Dkt. No. 35) and **GRANTS** Plaintiffs' motion to remand (Dkt. No. 36). This matter is hereby remanded to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 11, 2019
Charleston, South Carolina